ceded that the work was completed on the date last named. The language of Thomson v. Poor, 147 N. Y. 489, 42 N. E. 15, on the question of waiver, is therefore pertinent. "We know of no principle of law," say the court, "which will permit a party to a contract, who is entitled to demand the performance by the other of some act within a specified time, and who has consented to the postponement of the performance to a time subsequent to that fixed by the contract, and where the other party has acted upon such consent, and in reliance thereon has permitted the contract time to pass without performance, to subsequently recall such consent and treat the non-performance within the original time as a breach of the contract." While the act of plaintiff in stopping work on the contract in question for a period of ten days to investigate the financial condition of the party it was dealing with was reprehensible, and in part a cause for the delay complained of, yet the conduct of defendant in urging thereafter the completion of the work, finally accepting same when performed, and paying therefor a large part of the stipulated price thereof, is not only far from being evidence of an abandonment of the contract, but, on the contrary, consistent with the claim that there was a final completion thereof to the mutual satisfaction of the parties thereto. If right in my conclusion that there was an extension of time of performance of contract and waiver of damage thereunder, then it becomes unnecessary to discuss the main contention of defendant that plaintiff is liable for the special damages pleaded by it. It follows that defendant's counterclaim must be dismissed, and judgment awarded plaintiff for the amount demanded, together with the costs of the action. Defendant to have a stay of execution for ten days after entry of judgment, and thirty days' additional time to make and serve case on appeal, if so advised.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

H. P. Heath, for appellants.
J. L. Wilkie and J. H. Wood, for respondent.

PER CURIAM. Determination affirmed, with costs, on the opinion of the court below, and judgment absolute ordered for the defendant, with costs.

---

(104 App. Div. 566.)

### EAMES v. BRUNSWICK CONST. CO.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

STOCK SUBSCRIPTIONS—ACTION AGAINST SOLICITOR.
    A subscriber to stock may not sue the soliciting agent for falsely informing plaintiff that his subscription was being canceled, save in an action at law for damages, and where plaintiff believed it, and in reliance upon it did or refrained from doing something, causing damage.

Appeal from Special Term, New York County.
    Action by Stewart W. Eames against the Brunswick Construction Company. From a judgment for defendant plaintiff appeals. Affirmed.

The following is the opinion of the court below (Scott, J.):

The complaint certainly states no cause of action against the demurring defendants. They acted, as it is alleged, solely as agents of the defendant, Brunswick Construction Company, to solicit subscriptions to the syndicate agreement. Whatever duty they owed was to their principals, and if it was a part of that duty to communicate plaintiff's withdrawal from the agreement their failure to do so was a breach of duty to their principals, and not to this plaintiff. It is not necessary to consider here whether no-

tice of withdrawal to the agent employed to solicit subscriptions was equivalent to notice to the principal, or whether, assuming such notice to have been sufficient, and to constitute a complete defense to any attempt to collect the subscription, an affirmative action in equity will lie to cancel the agreement. The demurring defendants may be necessary witnesses in any action relating to plaintiff's liability as a subscriber; but this does not justify joining them as defendants. If any cause of action could be based upon the action of the demurring defendants in informing plaintiff that his subscription was in process of cancellation, it would be only an action at law for damages; and no such action would lie, if at all, unless it appeared that the statement was false, that plaintiff believed it, and in reliance upon it did or refrained from doing something, and that he thereby suffered damage. None of these allegations are to be found in the complaint. The demurrer must be sustained, with costs.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

F. P. Campbell, for appellant.
J. E. Lawshe, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the court below, with leave to the plaintiff to amend on payment of costs in this court and in the court below.

---

## FISCHER v. BRADY.

(Supreme Court. Appellate Term. May 23, 1905.)

1. HUSBAND AND WIFE—LIABILITY OF HUSBAND—NECESSARIES.
    Groceries bought by a wife are necessaries which the husband is bound to furnish or pay for.

2. WITNESSES—IMPEACHMENT—HOSTILITY.
    In an action against a husband for necessaries furnished to his wife, evidence of the wife as to her hostile feeling towards the husband is competent to impeach her as a witness.

    [Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 1189.]

3. APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.
    Refusal to permit defendant's wife to testify to her hostile feeling against defendant was not ground for reversal, where her hostility sufficiently appeared from the evidence in the case.

    [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4161–4170.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Henry Fischer against Daniel M. Brady. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Adams & McIntyre (Jno. J. Adams and Jno. M. Stearns, of counsel), for appellant.

Stern & Sundheimer, for respondent.

PER CURIAM. This is an action for $89.76 for groceries sold and delivered on the order of defendant's wife. The period cov-